MOBILE AND OHIO RAILROAD COMPANY *v.* JOHN L. GRAY.

1. RAILROAD COMPANY. *Action against for damage by fire. Burden of proof. Case in judgment.*

Where, in an action against a railroad company for damages for the destruction of property by fire, the plaintiff shows that the burning was produced by an engineer or fireman on one of defendant's running trains throwing a burning piece of wood from the engine on a part of the company's right of way covered with inflammable grass, whence the fire spread rapidly to and destroyed plaintiff's property, though third persons attempted to extinguish it, he relieves himself of the burden of proof and establishes a *primâ facie* case of negligence on the part of the defendant, independently of ¿ 1059 of the Code of 1880.

2. SAME. *Liability for acts of agents. Section 1054, Code 1880.*

Section 1054 of the Code of 1880, which provides that a railroad company shall be liable for damages resulting from the negligence or mismanagement of its agents, engineers, or clerks, is but declaratory of a principle of the common law.

APPEAL from the Circuit Court of Wayne County.

HON. S. H. TERRAL, Judge.

The case is sufficiently stated in the opinion of the court.

*E. L. Russell, B. B. Boone,* and *Frank Johnston,* for the appellant.

The mere fact that a fire in question had been kindled by sparks from a passing engine does not of itself raise a presumption of negligence without further evidence to prove such negligence. The weight of authority is to this effect: *Nitro Glycerine Cases,* 15 Wallace 524 ; *Kansas Pacific R. R. Co.* v. *Butts,* 7 Kansas 308 ; *Field* v. *New York Central Railroad Co.,* 322 N. Y. 339 ; *Smith* v. *Hannibal and St. Joseph Railroad Co.,* 37 Mo. 287 ; *Bryan* v. *Fowler,* 70 North Carolina 596 ; *Gandy* v. *Chicago and North-*

*western R. R. Co.*, 30 Iowa 121; *Small* v. *Chicago, Rock Island and Pacific R. R. Co.*, 50 Iowa 338; *Sturgis* v. *Robbins*, 62 Maine 289; *Philadelphia and Reading R. R. Co.* v. *Yerger*, 73 Pa. State Reports 366; *Ruffnor* v. *Cincinnati, etc., R. R. Co.*, 34 Ohio State Reports 96.

Section 1059 of the Revised Code of 1880 is not applicable to the facts of this case, because the evidence shows that the fire in the first instance was caused by the act of the fireman or engineer in throwing a piece of burning wood from the engine. This action of the fireman or engineer had nothing whatever to do with the running of the locomotive. We apprehend that § 1059 only has reference to persons and property coming into collision with the trains of railroads when such persons or property are upon the railroad companies' tracks, or to passengers or freight upon their trains. The statute is clearly in derogation of the common law, and therefore upon well-settled principles should be strictly construed.

*Frank Johnston*, of counsel for the appellant, argued the case orally.

*J. L. Morris*, for the appellee.

First charge given in court below for Gray, defendant in error, is copied from § 1054, R. Code 1880. The testimony of Moses Rogers shows that on the 7th of October, 1883, the train of plaintiff in error going north, when opposite field of defendant in error, fireman or engineer threw a burning fagot of wood in dry broom-sedge opposite the fence and produced the consequent burning.

The court below ruled correctly in presuming that the act was negligence, in lieu of the presumption that the engineer or fireman committed a crime or tort.

Second charge is taken from advance case, Supreme Court of the United States, 1883, *Baltimore and Potomac R. R. Co.* v. *Fifth Baptist Church*, in American and English Railroad Cases by Lawrence Lewis, Jr., page 15, vol. 2, part 1 (in pamphlet form in numbers). See *N. J. & G. N. R. R.* v. *Bailey*, 40 Miss. 452. "The act of the agent is the act of the principal himself, *qui facit per alium facit per se.*"

The evidence shows that at a very dry time, in broad daylight, the engineer or fireman threw the fire recklessly out of engine into thick sedge grass, which immediately communicated fire to fencing and valuable timber, burning up fencing, etc. There is no rebutting evidence, and the act was done while in the immediate employ of plaintiff in error. A case could not be clearer that the railroad is liable.

ARNOLD, J., delivered the opinion of the court.

John L. Gray sued the M. & O. R. R. Company to recover damages sustained on account of his fence, timber, and crop being burned or injured by fire alleged to have been caused by the negligence of the employees of the railroad company. On the trial it was shown that the crop said to have been injured belonged to a tenant on plaintiff's land, and it is manifest from the record that that item was not allowed or embraced in the verdict and judgment from which the appeal is presented here by the railroad company. It appears from the testimony that a fireman or engineer on one of the passing trains of the railroad company threw a burning stick of wood from the engine, which fell between the railroad track and plaintiff's fence on ground thickly covered with grass, and that the grass took fire and the fire spread rapidly to appellee's fence and land and produced the injury complained of. It seems that the fire when thrown from the engine fell on land belonging to the railroad company as part of their right of way. The evidence for the appellee as to these points and the amount of damage suffered was not controverted by the railroad company. It does not appear whether appellee had any notice or knowledge of the fire until after it was over, or whether he was in position to prevent injury from it, or whether any effort was made by appellants or their employees to extinguish the fire or prevent its spreading, but it is shown that an attempt to do so by others was unavailing.

The negligent use of fire renders the party so using it liable for the consequences resulting therefrom. In an action to recover damages occasioned by fire, the burden of proof is on the plaintiff to show that the injury is imputable to the negligence or miscon-

62 MISS.—25

duct of the defendant or his servants, but the obligation on this point is met when it appears that the fire was kindled at a time and place in which it was likely to spread, as it did, or pass beyond control, or that it was afterward left without proper care. Cooley on Torts 590; Whart., Law of Neg., §§ 870, 871.

Such an act by the employees of a railroad company implies negligence, without reference to § 1059 of our code, which provides that "in all actions against railroad companies for damage done to person or property, proof of injury inflicted by the running of the locomotives or cars of such company shall be *primâ facie* evidence of the want of reasonable skill and care on the part of the servants of such company in reference to such injury." It often occurs, as in this case, that the same evidence which proves the injury shows such attending circumstances as to raise a presumption of the offending party's negligence, so as to cast upon him the burden of disproving it. Cooley on Torts 590, 661, 662; Whart., Law of Neg., §§ 97, 865, 871; 1 Taylor on Ev., §§ 187, 188.

Section 1054 of the code, which declares that "every railroad company shall be liable for all damages which may be sustained by any person in consequence of the neglect or mismanagement of any of their agents, engineers, or clerks, or the mismanagement of their engines," is substantially an affirmance of the common law on that subject, and applies in a case like the one under consideration.

The charter which authorizes the use of fire and steam to propel the engines of a railroad company does not warrant the throwing of fire from their engines on grass or other combustible materials, to the injury of others, as it appears to have been done in this case.

*Affirmed.*